IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MATTHEW BURNSIDE,                     *
ADC #158300                           *
                                      *
                Petitioner,           *
                                      *
v.                                    *                    No. 5:18cv00253-JJV
                                      *
WENDY KELLEY, Director, Arkansas      *
Department of Correction              *
                                      *
                Respondent.           *

<u>MEMORANDUM AND ORDER</u>

## I.    BACKGROUND

Petitioner, Matthew Burnside, an inmate at the Varner Unit of the Arkansas Department of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.   (Doc. No. 1.)   Mr. Burnside was convicted by a jury in Faulkner County, Arkansas, of two counts of rape and one count of sexual assault in the second degree.   (Doc. No. 1 at 1.)   He was sentenced to 100 years' imprisonment.   (*Id.* at 2.)

He filed a direct appeal to the Arkansas Court of Appeals and the Court affirmed. *Burnside v. State*, 2015 Ark. App. 550.   In affirming his conviction, the Arkansas Court of Appeals recited the evidence of this case as follows:

> The victim, M.H., testified that appellant was her mother's live-in boyfriend at the time of the alleged events in 2011 and 2012, when M.H. was twelve and thirteen years old. M.H. testified that appellant had sex with her in his truck, in their camper, and in their house a total of about five times. She described in greater detail the first time appellant touched her, which occurred after he pulled his truck over while the two were driving to the store, took her shorts off, and unzipped his pants. After the trial court sustained appellant's objection to leading questions, M.H. testified that sex meant "the penis inserted in the [vagina]." M.H. testified that she could not remember everything from two years ago because she tried to block out the details,

but she was one hundred percent sure that appellant had sex with her in the truck, the camper, and their home.

M.H. eventually told friends and a school counselor the day after appellant had tried to touch her again. These individuals testified that M.H. feared that appellant was going to have sex with her again. A sexual-assault nurse examiner who examined M.H. at a child-advocacy center testified that, although about ninety-five percent of children with past-penetrating trauma have normal physical exams, M.H.'s exam revealed a finding that was consistent with the allegations.

*Burnside v. State*, 2015 Ark. App. 550, at 1–2.

Mr. Burnside filed a timely petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, but the circuit court denied relief.  (Doc. No. 1 at 2.)  His appeal of this denial to the Arkansas Court of Appeals was also unsuccessful.  *Burnside v. State*, 2017 Ark. App. 691.

Mr. Burnside filed the instant Petition for Writ of Habeas Corpus on October 9, 2018. (Doc. No. 1.)  He asserts nine instances where his trial counsel was constitutionally ineffective. (*Id.* at 3-22.)  Respondent counters that Mr. Burnside's Petition should be denied because they have already been adequately addressed by the State courts.  (Doc. No. 6.)  After careful consideration of the Petition and the Response, I find Mr. Burnside's Petition should be dismissed with prejudice.

## II.    ANALYSIS

### A.    Ineffective Assistance of Counsel

Petitioner presents nine claims of ineffective assistance of counsel:

1. Appellate counsel was ineffective for failing to argue on direct appeal that the trial court committed reversible error by allowing hearsay testimony of Alyssa Wade.

2. Trial counsel was ineffective for failing to object to hearsay testimony from witness Trisha Walker.

3. Trial counsel was ineffective for failing to investigate and secure a gynecological expert.

2

4.  Trial counsel was ineffective for failing to investigate and cross-examine the victim regarding the book Fifty Shades of Grey.

5.  Trial counsel was ineffective for failing to cross-examine M.H. regarding her inconsistent statements.

6.  Trial counsel was ineffective for failing to call witnesses at trial and at sentencing.

7.  Trial counsel was ineffective for failing to move for a mistrial, a change of venue, or seek other remedial measures based upon the presence of an anti-child abuse gang outside the courthouse during trial.

8.  Trial counsel was ineffective for failing to impeach M.H. with other allegations of sexual misconduct that she and her sister had made in the past.

9.  Trial counsel was ineffective for failing to present testimony and evidence that M.H. was unduly influenced to fabricate the charges against Burnside by her mother.

(Doc. No. 1 at 3-22.)

As evidenced by the Rule 37 petition filed by Mr. Burnside, these exact arguments were raised with the trial court during Petitioner's Rule 37 proceeding.   (Doc. No. 6-4 at 1189-1208.) In addressing Petitioner's Rule 37 claims, the Honorable Charles E. Clawson of the Faulkner County Circuit Court reviewed Mr. Burnside's petition, as well as the State's response.   Judge Clawson addressed each of Mr. Burnside's claims in turn:

> 2) The Petitioner's first two allegations, Paragraph A& B, allege that his appellate counsel failed to argue certain objections on what he considers to have been hearsay testimony. The record clearly reflects that there was ample testimony from which the Court could and did decide that this was an excited utterance and therefore admissible. This is not a basis for Rule 37 relief.
>
> 3) The next allegation for relief, Paragraph C, regards counsel being ineffective for failing to investigate and secure the services of an expert. The Petitioner, however, provides no proof and presents no evidence that such a witness exists or that the testimony he contends would have been presented is available. Asking the Court to speculate that such an expert and testimony exists is not a basis for relief pursuant to Rule 37.
>
> ...
>
> 5) Paragraph E alleges that counsel was ineffective for failure to properly cross-

examine the victim on the book <u>Fifty Shades of Grey</u>. He argues that the victim copied her story from the book, even alleges that portions of the book mirror her testimony. He fails to cite and evidence to this point, however, and again is asking the Court to speculate. This point failed to warrant relief pursuant to Rule 37 and is denied.

6) His next allegation, Paragraph F, alleges that trial counsel's cross-examination of the victim was lacking because he did not explore all of the inconsistencies between her prior statement and her trial testimony. To base relief under Rule 37 alleging that counsel's cross-examination was not as thorough as he would believe it should have been does not make the attorney ineffective.

7) In regard to Paragraph G, the Petitioner claims counsel was ineffective for failure to call certain witnesses, namely the victim's mother. He claims she would have bolstered his claim of innocence, but later in his petition, Paragraph L, he claims that she unduly influenced the victim to falsify the allegations against him. These two allegations are inconsistent and such opinion testimony would have been inadmissible in the manner he proposed it should have been elicited. Furthermore, he claims that counsel was ineffective for failing to call the victim's brother as a witness. The calling of witnesses during the course of a trial is a trial strategy decision to be made by counsel at the time and Rule 37 is not a means to second-guess that strategy.

8) Paragraph H alleges that the Petitioner suffered prejudice because of the presence of "Bikers against Child Abuse" during the trial. There is no evidence that the group had any influence during the course of the trial and the Petitioner is asking the Court to speculate that they did despite no proof to support his claim. For these reasons, this allegation does not satisfy the requirements for relief under Rule 37.

...

10) The Petitioner further contends that the trial counsel was ineffective for failure to impeach the victim with proof of other allegations of sexual misconduct that she and her sister had made in the past. The trial court held a hearing on this issue prior to starting the jury trial and ruled that the victim could not be asked about her prior allegation but that it would come in through the investigator. Furthermore, the trial court told counsel to approach the bench before inquiring about what anything her sister said. The trial counsel chose not to do so. The Petitioner has failed to show a basis for relief pursuant to Rule 37.

11) It is the Court's conclusion that the allegations made by Mr. Burnside in his petition did not approach the standard required for a Rule 37 hearing and that he has failed to demonstrate in any manner that the conduct of counsel fell below the accepted standard in the first place and if it had he must provide proof that such deficiency would have resulted in a different outcome. See <u>Strickland v.</u>

Washington, 466 U.S. 668 (1984). The issues raised by Mr. Burnside reflect only that there was strategy issues and results of Court rulings with which he disagreed, none of which is a basis for Rule 37 relief. See Stiegers v. State, 2014 Ark. 167 and Carter v. State, 2015 Ark. 166. These cases reflect decisions of the Appellate Courts wherein there was no relief granted under Rule 37 under circumstances very similar to those reflected by Mr. Burnside's petition.

12) Therefore, the petition for relief pursuant to Rule 37 and the request for a hearing are denied.

(Doc. No. 6-4 at 1235-1243.)

Mr. Burnside's ineffective assistance of counsel claims were all thoroughly addressed by the trial court.   The Arkansas Court of Appeals reviewed the circuit court's ruling for clear error and found none.   *Burnside v. State*, 2017 Ark. App. 691 (2017).   When examining a habeas claim in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 (d), federal courts take a deferential view of decisions reached on issues adjudicated in state court.   As the United States Court of Appeals for the Eighth Circuit has held:

> Under AEDPA, habeas relief will not be granted with respect to any claim adjudicated on the merits in State Court proceedings, unless such adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "AEDPA's highly deferential standards kick in" where the prisoner's claim has been adjudicated on the merits in state court. *Davis v. Ayala*, 135 S. Ct. 2187, 2198, 192 L. Ed. 2d 323 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)). Where a state court holds that any federal error was harmless beyond a reasonable doubt, the decision constitutes an adjudication on the merits. *Id.* If a prisoner's constitutional rights were violated as a result of the state court's decision, the prisoner must also demonstrate that the error was prejudicial, as federal courts may not grant habeas relief unless the error in the state trial had a "substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Pliler*, 551 U.S. 112, 116, 127 S. Ct. 2321, 168 L. Ed. 2d 16 (2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 631, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)).

*Davis v. Grandlienard,* 828 F.3d 658, 664 (8th Cir. 2016).

For purposes of 28 U.S.C. § 2254(d)(1), "[a] state court decision is 'contrary to' clearly

established federal law if it either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially distinguishable facts.'"   *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011). Additionally, "[a] state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'"   *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).   This record supports the conclusion that the Arkansas court's decision was neither clearly contrary to, nor an unreasonable application of, federal law.

For a habeas petitioner to prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate a lack of reasonable performance of counsel and prejudice resulting from the unreasonable representation.   *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   In conducting this review, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   *Id.* at 689.   Under the performance prong, the petitioner must be able to prove that his lawyer's performance was unreasonable and not valid trial strategy.   *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Thai v. Mapes*, 412 F.3d 970, 978-79 (8th Cir. 2005).   Counsel's "strategic choices made after a thorough investigation are virtually unchallengeable" in a later habeas corpus action.   *Strickland,* 466 U.S. at 689.   To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Armstrong v. Kemna*, 590 F.3d 582, (8th Cir. 2010) (citations omitted).   A reasonable probability is one sufficient to undermine confidence in the outcome.   *Id.*

The Faulkner County Circuit Court correctly applied the two-prong *Strickland* test for ineffective assistance of counsel.   The court, citing *Strickland*, found that for Mr. Burnside to

prevail, he must "demonstrate in any manner that the conduct of counsel fell below the accepted standard in the first place and if it had he must provide proof that such deficiency would have resulted in a different outcome."  (Doc. No. 6-4 at 1243.)    The court found that the "issues raised by Mr. Burnside reflect only that there were strategy issues and results of Court rulings with which he disagreed."  (*Id.*)

As a matter of federal law, I am required to apply a deferential analysis to those claims fully adjudicated in state court, as is the case here.  *Davis,* 828 F.3d, at 664.  After reviewing the decisions of the Faulkner County Circuit Court and the Arkansas Court of Appeals, I find they are not contrary to, nor an unreasonable application of, an established federal law.  Furthermore, the opinions were not based on an unreasonable determination of the facts.  The state courts addressed the merits of Mr. Burnside's multiple ineffective assistance of counsel claims and found that they failed.  Therefore, based upon the deference given to the state court, the relief Mr. Burnside seeks cannot be granted.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In this case, Mr. Burnside's claims that his trial lawyer was ineffective was adequately addressed by the state court, and he has failed to make a showing that his constitutional rights were violated.   Therefore, no certificate of appealability should be issued.

## IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.    Mr. Burnside's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice.

2.    A certificate of appealability will not be issued.

SO ORDERED this 14th day of January 2019.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE